SUPREME COURT OF ARIZONA

| | | |
|---|---|---|
| In the Matter of a Member of the State Bar of Arizona | ) ) ) | Arizona Supreme Court No. SB-19-0064-AP |
| DONALD H. SMITH, Attorney No. 10462 | ) ) ) ) | Office of the Presiding Disciplinary Judge No. PDJ20199016 |
| Respondent. | ) ) | **FILED 05/28/2020** |

**DECISION ORDER**

Pursuant to Rule 59, Rules of the Supreme Court, Respondent Donald H. Smith appealed the hearing panel's decision and sanction of disbarment. The Court has considered the parties' briefs and the record in this matter.

In disciplinary appeals, we accept the panel's factual findings unless they are not supported by reasonable evidence and are clearly erroneous. *In re Alexander*, 232 Ariz. 1, 5 ¶ 11 (2013). Conclusions of law are reviewed de novo. Rule 59(j). We review the imposed sanction de novo as a question of law. *In re Isler*, 233 Ariz. 534, 541 ¶ 39 (2014).

On appeal, Respondent argues that the Presiding Disciplinary Judge made a number of erroneous evidentiary rulings. Respondent also argues that he was denied due process during the proceedings. Upon review, the Court rejects Respondent's challenges to the Presiding Disciplinary Judge's evidentiary rulings. The Court also finds that Respondent was not deprived of due process during these proceedings.

Accordingly, the Court accepts the panel's findings that Respondent's conduct with respect to client McCargar violated ERs 1.4, 1.15(a) and (d), 8.1, 8.4(c), and Rule 43. The Court accepts the panel's findings that Respondent's conduct with respect to client Hanson violated ERs 1.4, 1.5, 1.15(a) and (d),8.1, 8.4(c), and Rule 43.

As to the sanction, Respondent argues that he should not be disbarred in light of the significant mitigation evidence. We determine disciplinary sanctions in accordance with the American Bar Association Standards for Imposing Lawyer Sanctions. Rule 58(k). Following these standards, the panel correctly identified disbarment

as the presumptive sanction. "The sanction to be imposed, however, requires consideration of any pertinent aggravating and mitigating factors." *In re Alexander*, 232 Ariz. at 14 ¶ 57.

After considering the aggravating and mitigating factors, we conclude that disbarment is too severe a sanction. Respondent's mitigating evidence was substantial. Respondent has an unblemished professional career of over 33 years. He also presented evidence of his good character and reputation in the community. While these factors do not excuse his conduct, they are significant evidence in mitigation. "[T]he primary objectives of lawyer discipline are (1) to protect the public and the courts and (2) to deter the [disciplined] attorney and others from engaging in the same or similar misconduct." *Id.* at 15 ¶ 63 (citation and internal quotation marks omitted). The sanction is not intended to punish the lawyer. *Id.* Based on the record in this case, disbarment is not necessary to protect the public and courts or to deter Respondent and other lawyers from engaging in similar misconduct. The Court finds that a suspension of one year is sufficient to satisfy the purposes of lawyer discipline.

**IT IS ORDERED** affirming the decision of the hearing panel and modifying the sanction to reflect a one year suspension.

Justice Gould did not participate in the determination of this matter.

DATED this 28th day of May, 2020.

_____/s/_____
ROBERT BRUTINEL
Chief Justice

TO:
Donald H Smith
Rebecca Kennelly
Sandra Montoya
Maret Vessella
Don Lewis
Beth Stephenson
Mary Pieper
Raziel Atienza
Lexis Nexis
Brandi Ensign